NOT DESIGNATED FOR PUBLICATION

No. 128,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANKLIN DEANGELO EVERIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument. Opinion filed April 17, 2026. Sentence vacated in part and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*David M. Grace*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

HILL, J.:  This appeal asks us to resolve a dispute that arose over the number of days Franklin Deangelo Everidge should receive as jail time credit towards his sentence after his probation was revoked. Everidge received a suspended sentence for attempted kidnapping and two counts of domestic battery and was placed on probation.

The parties agree that there is a mistaken calculation of Everidge's jail credit. Both sides also agree that he is entitled to more days credit but cannot agree on how much—239 days or 212 days. The difference between the two figures hinges on whether the tally

1

of additional jail credit should begin on February 14, 2024, when Everidge was incarcerated for a new crime, or on March 12, 2024, when the State moved to revoke his probation.

*A new charge leads to incarceration.*

While he was on probation, Everidge was arrested for a new crime:  battery of a law enforcement officer. He never left jail after that arrest. Based on this arrest, his continued drug use, and his failure to complete a batterer's intervention program, the State moved to revoke Everidge's probation.

At his probation revocation hearing, the district court revoked Everidge's probation and sentenced him to a reduced term of 48 months' imprisonment. The court then gave Everidge 10 months of jail time credit for the time he was incarcerated—from March 2022 to January 2023. But the court did not award Everidge credit for any time that he spent incarcerated from his arrest on February 14, 2024, to October 9, 2024, the day of the probation revocation hearing. Everidge asked for the additional credit, but the State argued that those days would be credited on any sentence he would receive for the new charge. That credit, however, was never made because, after he was sent to prison, the State dismissed the battery of a law enforcement officer charge. This means that Everidge did not get any credit for those days.

*The rules that guide us are simple.*

Our statute, K.S.A. 21-6615(a), commands that a defendant is to receive an allowance in the computation of his or her sentence for the time the defendant has spent incarcerated pending the disposition of the offender's case. Then, in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), our Supreme Court directed that "a defendant shall be awarded jail time credit for all time spent in custody pending the disposition of his or

2

her case." By applying these rules to the facts here, Everidge is, by law, entitled to jail-time credit for all the time he was in custody pending the disposition of his case.

But, contrary to that rule, the record reveals that the sentencing court here declined to award Everidge credit for the days he was incarcerated pending the resolution of a motion to revoke his probation. That ruling denying him credit is contrary to the holding in *Hopkins* and is erroneous. Everidge should receive credit for every day he was incarcerated. For this reason, we must vacate the jail credit portion of Everidge's sentence.

We do, however, decline the parties' request to order a certain number of days to be added to Everidge's jail credit. That would require a finding of fact. Findings of fact are the exclusive province of the trial court and not the appellate courts. See *State v. Sanders*, 310 Kan. 279, 294, 445 P.3d 1144 (2019); Supreme Court Rule 165 (2026 Kan. S. Ct. R. at 232).

We vacate the jail credit computation applied to this sentence and remand for resentencing in accord with the principles set out in *Hopkins*.

Sentence vacated in part and case remanded with directions.